[Crim. No. 342. Second Appellate District.—March 12, 1915.]

## THE PEOPLE, Respondent, v. SUE CHUNG KEE, Appellant.

CRIMINAL LAW — SELLING LIQUOR IN NO-LICENSE TERRITORY — SUFFI-
CIENCY OF EVIDENCE.—In this prosecution for selling and dispensing
alcoholic liquors in no-license territory contrary to the provisions of
what is known as the "Wyllie Act" (Stats. 1911, p. 599), it is held
that the evidence was sufficient to justify a verdict of conviction.

ID. — ARGUMENT OF DISTRICT ATTORNEY — WHEN NOT PREJUDICIAL. — In
such a case it is not prejudicial misconduct on the part of the dis-
trict attorney in his argument to the jury to make reference to cer-
tain things which the jury saw on their visit to the premises where
the liquor was alleged to have been sold.

ID.—EVIDENCE—CONCLUSION OF WITNESS.—In such a case where a wit-
ness was asked what had been his observation with reference to the
general public in going into the premises where the liquor was al-
leged to have been sold unless invited to do so, and answered "I have
had friends with me, but we could not have gone down below unless
we were asked to," the answer was properly stricken out on motion
of the district attorney, as it was not only the conclusion of the
witness, but no reference was made to the time.

APPEAL from a judgment of the Superior Court of
Kings County and from an order denying a new trial. M. L.
Short, Judge.

The facts are stated in the opinion of the court.

Dixon L. Phillips, and J. F. Pryor, for Appellant.

U. S. Webb, Attorney-General, Robert M. Clarke, Deputy
Attorney-General, and George Beebe, Deputy Attorney-Gen-
eral, for Respondent.

SHAW, J.—Defendant was convicted upon an information
charging him with selling and dispensing alcoholic liquors in
no-license territory contrary to the provisions of what is
known as the Wyllie Act. (Stats. 1911, p. 599.)

He appeals from the judgment and an order denying his
motion for a new trial.

Counsel for appellant insists that the evidence is insufficient
to justify the verdict. The evidence fairly tended to prove

that defendant was a Chinese merchant in the town of Hanford. The building in which he conducted his business consisted of two stories and a basement, the latter being divided into several rooms which were used, among other purposes, for storage of merchandise and as a place for the cooking and serving of food to others than the family of defendant. His family, consisting of his wife and four children, lived and made their home in the second floor of the building, while the first floor was used as a storeroom in which the mercantile business was conducted. The alleged offense was committed on the evening of December 2, 1913, at which time one man alone, and later two together, went to defendant's place and without, so far as shown, any invitation so to do, went down into the basement, where they found defendant, and expressed themselves as being "awfully dry" and desirous of obtaining a drink; in response to which defendant gave to each of them a bottle of beer, and to one a second bottle. While they were sitting at a table engaged in drinking the beer from the bottles, the city marshal appeared and arrested defendant. It appears that the day before defendant had purchased and had delivered at his place a quantity of beer, and while he admits serving to these men in the basement under his storeroom, over which his family resided, it is nevertheless insisted that the serving thereof was at his own home to these men as his guests as an act of hospitality, where no money or thing of value was received in return therefor, and that the place where served was not a place of public resort, and hence the act constituted no offense, as provided in the first subdivision of section 16 of the act aforesaid. The court embodied this provision of the law in an instruction given to the jury, and it is apparent from the verdict rendered that they were not satisfied the evidence established the claim made by defendant. Considering all the evidence, both direct and circumstantial, we are of the opinion the jury were justified in reaching a conclusion inconsistent with the theory urged by appellant that these three men found in the basement drinking beer were so doing at his home as his guests. We entertain no doubt as to the sufficiency of the evidence to justify the verdict.

At the close of the evidence, at the request of defendant, the jury in charge of the city marshal and another person instructed to point out the different rooms, tables, entries,

stairways, etc., visited defendant's place for the purpose of viewing the same. During the argument appellant objected to certain portions thereof made by the district attorney and assigned the same as error. These portions were references made by the district attorney to what the jurors saw on their visit to defendant's place, among other things, saying: "You saw seventeen men eating in that restaurant. Who were they? It is for you as jurors to say whether or not that is a public place. You saw if you counted them seventeen men eating at defendant's tables and every table was filled to its fullest capacity. . . . There was not a laboring man in that bunch, not one. Those were the hangers-on around Chinatown." And again: "Chung Kee boasts of being the richest Chinaman in this part of the country; everybody knows that." The contention of defendant is that, while counsel for appellant at the time assigned the action of the district attorney as error, he meant and intended it as misconduct. Accepting it as a sufficient assignment, and conceding that the district attorney in making his argument went outside of the record, nevertheless it is impossible to perceive how the substantial rights of defendant could have been prejudiced by the argument. Presumably he referred to what the jurors had seen on their visit, and if there was no one eating at the tables, as stated by him, or a less number than seventeen, the statement so made would have been idle in convincing the jury that the statements so made rather than what they saw were true.

Error is predicated upon rulings of the court in sustaining objections of the district attorney to evidence offered. As an instance of such rulings, a witness on behalf of defendant was asked: "What has been your observation with reference to the general public (that is, in going into this basement unless invited to do so)? A. I have had friends with me, but we could not have gone down below unless we were asked to." The court, on motion of the district attorney, struck out this answer. There was no error in this ruling. It was not only a conclusion of the witness, but no reference was made to the time when the witness and his friends felt that it would be improper for them to enter the basement unless invited to do so.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.